UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARAH OSMAN, et al.,

Plaintiffs,

v.

JOSEPH B. EDLOW, in his
official capacity as Director of
U.S. Citizenship and Immigration
Services,

Defendant.

Case No. 26-10886
Honorable Shalina D. Kumar
Magistrate Judge Anthony P. Patti

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION (ECF NO. 6)**

Plaintiffs move for a preliminary injunction, requesting that the Court

order defendant to adjudicate plaintiff Sarah Osman's ("Osman") pending I-

131 (Application for Travel Documents) within thirty days. The motion is

fully briefed and the Court heard oral argument from the parties on April 14,

2026. ECF Nos. 6, 8, 9. For the reasons discussed below, plaintiffs' motion

is **DENIED**.

In determining whether to grant the extraordinary remedy of a

preliminary injunction, the Court is to consider: "(1) whether the movant has

a strong likelihood of success on the merits; (2) whether the movant would

suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Ohio v. Becerra*, 87 F.4th 759, 768 (6th Cir. 2023). The last two factors merge "[w]here the federal government is the defendant." *Id.* The *most important* of the four elements is the irreparable harm requirement. *D.T. v. Sumner Cnty. Sch.*, 942 F.3d 324, 326 (6th Cir. 2019). Put another way, injunctive relief is an "extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

The Court does not minimize the gravity of the harm plaintiffs identify. The prospect that Osman may be unable to be with her mother during her mother's final days and may lose the chance to say goodbye in person, is profoundly serious. Nor does the Court doubt the emotional pain that such a loss could cause. But the governing standard requires more than a showing of grave hardship. Plaintiffs must demonstrate that "irreparable injury is *likely* in the absence of an injunction." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008) (emphasis in original). And the threatened

harm must be "both certain and *immediate*, rather than speculative or theoretical." *Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991) (emphasis added).

On the present record, plaintiffs have not made that showing. Although Osman's mother is seriously ill and receiving end-of-life care, the record does not establish with the requisite certainty and immediacy that, absent an injunction, Osman will be unable to see her mother before her mother passes.[1] Although the Court recognizes that this possibility causes Osman profound distress, under *Winter* and *Griepentrog*, the Court cannot grant extraordinary relief based on a possibility, even a heartbreaking one.

---

[1] The Court notes that the requested injunction would not necessarily prevent the harm plaintiffs fear. Plaintiffs seek an order requiring adjudication within thirty days, not an order compelling approval. Compliance with such an order could therefore still leave Osman unable to travel, either because the application is denied or because, even if approved, the feared event occurs before the administrative process and travel can be completed. The requested relief thus does not clearly redress the asserted injury. *See Winter*, 555 U.S. at 22 ("[A]pplicant must demonstrate that *in the absence of a preliminary injunction*, [she] 'is likely to suffer irreparable harm before a decision on the merits can be rendered.'") (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948.1, p.139 (2d ed. 1995)) (emphasis added); *see also Murthy v. Missouri*, 608 U.S. 43, 73-74 (2024) (holding injunctive relief not appropriate if it does not redress the irreparable harm claimed by plaintiff).

Having found that plaintiffs have not established irreparable harm, the Court need not address the remaining factors for preliminary relief. *A.R.D. v. St. Paul Catholic Sch.*, 2013 WL 1856006, at *1 (E.D. Mich. Apr. 30, 2013) ("The failure to show irreparable harm, by itself, can justify the denial of preliminary injunctive relief without consideration of the other three factors.")

Accordingly, plaintiffs' motion for a preliminary injunction is **DENIED**. This Order resolves only plaintiffs' request for preliminary injunctive relief based on the asserted need to visit Osman's gravely ill mother. It does not adjudicate the merits of plaintiffs' underlying claims or their separate requests for relief concerning adjudication of Osman's travel application or any other immigration applications.

**IT IS SO ORDERED.**

<br>

                                    s/Shalina D. Kumar
                                    SHALINA D. KUMAR
Dated: April 16, 2026               United States District Judge